IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

OKTIBBEHA COUNTY SCHOOL DISTRICT                                                PLAINTIFF

VS.                                                                              No. 1:05CV90-D-A

THE TRAVELERS INSURANCE COMPANY, ET. AL                                        DEFENDANTS

OPINION DENYING MOTION TO DISMISS

Presently before the Court is Defendants' GAB Robins North American, Inc. ("GAB Robbins"), Richard Booker, and Royal Specialty Underwriters Corporation ("Royal Specialty") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration, the Court finds the motion shall be denied.

*A. Factual Background*

The Plaintiff filed this action seeking damages for Defendants' alleged bad faith in settling an insurance claim. On April 7, 2002, the B.L. Moore High School a.k.a. East Oktibbeha County High School caught fire and suffered fire and smoke damage. The Plaintiff filed a claim with its insurance company, The Travelers Indemnity Company, within thirty days of the fire. After a series of negotiations and conversations with The Travelers Indemnity Company and its agents, the claims have not been finalized. Thus, the Plaintiff filed this Complaint alleging that Defendants' negligent and intentional acts that have prevented it from receiving full payment on its claims.

Defendants GAB Robbins and Richard Booker claim that they were independent insurance adjusters hired by the Travelers Indemnity Company to investigate Plaintiff's loss. Defendant Royal Specialty claims that it is an excess insurance carrier insuring the Plaintiff. The

Defendants now move this Court to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants assert that no independent claim was asserted against them in the complaint. In addition, the Defendants claim that under Mississippi law that independent insurance adjustors can only be held liable for independent acts of negligence. The Defendants claim no such allegation has been made in this case. Also, the Defendants assert that a duty of an excess carrier does not attach until all primary insurance carriers have satisfied their contractual obligations.

### B. Standard of Review

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514, (5th Cir. 1995) (quoting Leffal v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

### C. Discussion

A pleading must contain: (1) a short and plain statement showing that the pleader is entitled to relief, and (2) a demand for judgment. Fed. R. Civ. P. 8(a). Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1

(2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct 99, 2 L. Ed. 2d 80 (1957)). The notice pleading standard relies on discovery to define disputed facts and summary judgment to dispose of unmeritorious claims. Swierkiewicz, 534 U.S. at 512. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). However, a complaint will be deemed inadequate if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. General Star Indem. Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir. 1999) (citing Walker v. South Central Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990)).

The general notice pleading requirements apply to all civil actions, except for averments of fraud, mistake, which must be pled with particularity. Fed. R. Civ. P. 9(b). Because of the general notice pleading requirements, dismissal is warranted only when no relief could be granted on any set of facts consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definitive statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999); Swierkiewicz, 534 U.S. at 514. Finally, a complaint that contains only a "bare bones" allegation that a wrong occurred and does not plead any facts giving rise to the injury, does not provide adequate notice. Id. Walker, 904 F.2d at 277.

Plaintiff's pleadings in this case represent at best a "bare bones" approach to complaints and responses. However, the Court finds that while brief and short on substance, Plaintiff's complaint meets the standard of notice pleading laid out in the Federal Rules of Civil Procedure

and announced by the United States Supreme Court. The Court finds that Plaintiff provided a short and plain statement stating that he is entitled to relief and a demand for judgment. In addition, the Court finds that Defendants' reliance on <u>Dunn v. State Farm Fire and Casualty Co.</u>, 711 F.Supp.2 1359 (N.D. Miss. 1987) and <u>Schneider Nat. Transport v. Ford Motor Co.</u>, 280 F.3d 532 (5th Cir. 2002) is misplaced. Thus, the Defendants' motion to dismiss will be denied.

### D. Conclusion

Upon review, the Court finds that Defendants did not meet the high burden required for dismissal under Rule 12(b)(6). The Court further finds that Plaintiff satisfied the notice pleading requirements of Rule 8(a). Therefore, the Court will deny Defendants' motion to dismiss.

A separate order in accordance with this opinion shall issue this day.

This the 9th day of January 2006.

/s/ Glen H. Davidson
Chief Judge