IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

OKTIBBEHA COUNTY SCHOOL DISTRICT                                              PLAINTIFF

VS.                                                                                        No. 1:05CV90-D-A

THE TRAVELERS INSURANCE COMPANY, ET. AL                                DEFENDANTS

OPINION DENYING MOTION TO DISMISS

Presently before the Court is Defendant the Travelers Indemnity Company's motion to dismiss. Upon due consideration, the Court finds the motion shall be denied.

*A. Factual Background*

The Plaintiff filed this action seeking damages for Defendant's alleged bad faith in settling an insurance claim. On April 7, 2002, the B.L. Moore High School a.k.a. East Oktibbeha County High School caught fire and suffered fire and smoke damage. The Plaintiff filed a claim with its insurance company, The Travelers Indemnity Company, within thirty days of the fire. After a series of negotiations and conversations with The Travelers Indemnity Company and its agents, the claims have not been finalized. Thus, the Plaintiff filed this Complaint alleging that Defendant's negligent and intentional acts that have prevented it from receiving full payment on its claims. It is apparent from the pleadings and Plaintiff's counsel's affidavit that Plaintiff was mistaken on the identity of its insurance company. Therefore, the wrong entity was named in this lawsuit.

Defendant the Travelers Indemnity Company now moves this Court to dismiss this action pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. The Defendant alleges that the Travelers Insurance Company did not issue the policy

in this case, and thus does not have minimum contacts with the State of Mississippi. The Defendant also alleges that the summons lacked a corporate name, and then when one was supplied it was the wrong corporate name. The Defendant also states that process was not effected properly, and was not served within the one-hundred and twenty day period required by Rule 4(m) of the Federal Rules of Civil Procedure. Finally, the Defendant alleges that Plaintiff has failed to state a claim because the complaint did not allege sufficient facts related to a negligence or bad faith claim.

*B. Standard of Review*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514, (5th Cir. 1995) (quoting Leffal v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

*C. Discussion*

A pleading must contain: (1) a short and plain statement showing that the pleader is entitled to relief, and (2) a demand for judgment. Fed. R. Civ. P. 8(a). Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1

(2002) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct 99, 2 L. Ed. 2d 80 (1957)). The notice pleading standard relies on discovery to define disputed facts and summary judgment to dispose of unmeritorious claims. <u>Swierkiewicz</u>, 534 U.S. at 512. See <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). However, a complaint will be deemed inadequate if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. <u>General Star Indem. Co. v. Vesta Fire Ins. Corp.</u>, 173 F.3d 946, 950 (5th Cir. 1999) (citing <u>Walker v. South Central Bell Tel. Co</u>., 904 F.2d 275, 277 (5th Cir. 1990)).

The general notice pleading requirements apply to all civil actions, except for averments of fraud, mistake, which must be pled with particularity. Fed. R. Civ. P. 9(b). Because of the general notice pleading requirements, dismissal is warranted only when no relief could be granted on any set of facts consistent with the allegations. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definitive statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999); <u>Swierkiewicz</u>, 534 U.S. at 514. Finally, a complaint that contains only a "bare bones" allegation that a wrong occurred and does not plead any facts giving rise to the injury, does not provide adequate notice. <u>Id</u>. <u>Walker</u>, 904 F.2d at 277.

Plaintiff's pleadings in this case represent at best a "bare bones" approach to complaints and responses. However, the Court finds that while brief and short on substance, Plaintiff's complaint meets the standard of notice pleading laid out in the Federal Rules of Civil Procedure

and announced by the United States Supreme Court. The Court finds that Plaintiff provided a short and plain statement stating that he is entitled to relief and a demand for judgment. Thus, the Court finds that Plaintiff has met its burden of notice pleading.

In addition, the Court finds that Plaintiff's counsel was derelict in all facets of filing this case. First, Plaintiff named the wrong entity was named in the complaint. Second, Plaintiff failed to effect sufficient process. Finally, service of process was both insufficient and untimely. The Court cautions Plaintiff's counsel that the commencement of an action is a serious act and one not be taken lightly. However, at this time, the Court will not punish the Plaintiff or reward the Defendant for counsel's missteps. The Court will allow Plaintiff thirty days from the date of this order to amend its complaint and name the right entity. In addition, the Plaintiff shall have one-hundred and twenty days after the filing of its amended complaint to serve the Defendant with proper process and service of process. The Court exhorts Plaintiff that it has plenty of time to correctly perform its duties. The Court further cautions Plaintiff's counsel that such carelessness in the future will result in dismissal and/or sanctions.

## D. Conclusion

Upon review, the Court finds that Defendant did not meet the high burden required for dismissal under Rule 12(b)(6). The Court further finds that Plaintiff satisfied the notice pleading requirements of Rule 8(a). Therefore, the Court will deny Defendant's motion to dismiss. In addition, the Plaintiff will have thirty days to amend its complaint and one-hundred and twenty days to properly serve the Defendant.

A separate order in accordance with this opinion shall issue this day.

This the 9th day of January 2006.

/s/ Glen H. Davidson
Chief Judge